

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–1770–10

### JERI LEIGH BARRON, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**MEYERS, J.,** filed a dissenting opinion.

### <u>DISSENTING OPINION</u>

The issue here is the distinction between jury-charge error and insufficiency of the evidence. Appellant claimed to the court of appeals that the trial court erred by overruling his objection to the jury charge. The court of appeals agreed that there was error and conducted a harm analysis. *Barron v. State*, No. 05-09-00589-CR, 2010 Tex. App. LEXIS 4147 (Tex. App.–Dallas May 27, 2010) (not designated for publication). The State asked us to determine whether the court of appeals conducted a proper harm

analysis. After re-analyzing harm under *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984), the majority affirms the judgment of the court of appeals.

My interpretation of *Almanza* is that jury-charge error results from a mistake of law in the charge, or when the charge allows conviction on a theory not alleged in the indictment. Here, there is no such mistake; there is simply no evidence to support the theory of guilt that was submitted to the jury. Therefore, this case should not be analyzed under *Almanza*. For example, it is not "charge error" when a trial court submits to the jury a lesser-included offense that was not raised by the evidence. Such situations require an analysis of the sufficiency of the evidence, not an *Almanza* analysis.

The court of appeals said that there was no evidence that Appellant ingested any medication, so the instruction that Appellant could be found guilty of intoxication due to the synergistic effect of alcohol and drugs was not raised by the evidence. The court of appeals did not say that this was jury-charge error.[1] The problem is that rather than saying that there was insufficient evidence of drug use to support the conviction for DWI under the theory presented in the jury charge and leaving it at that, the court of appeals went on to do an unnecessary *Almanza* harm analysis.

I agree with the court of appeals's analysis of the issue, and I agree with the

---

[1] The court of appeals properly determined that "the issue we must decide here is whether the 'synergistic effect' instruction was raised by the evidence, not whether such a charge permitted conviction on a theory not alleged in the charging instrument." *Barron*, 2010 Tex. App. LEXIS 4147 at *3. The court concluded that "the 'synergistic effect' instruction was not raised by the evidence, and that the trial court erred by so instructing the jury." *Id*.

majority that the court of appeals conducted an incorrect harm analysis.  However, instead of re-doing the harm analysis, I would send this case back to the court of appeals for a determination of whether the evidence was sufficient to convict Appellant of DWI for consumption of alcohol alone.  Therefore, I respectfully dissent.

Meyers, J.

Filed: November 9, 2011

Publish